Filed 10/14/24  P. v. Monroe CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B337249 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA156969) |
| v. | |
| DANNY JESSE MONROE, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Roger Ito, Judge.  Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Pursuant to a plea agreement, defendant Danny Jesse Monroe pleaded no contest to one count of voluntary manslaughter (Pen. Code,[1] § 192, subd. (a)) and three other felony charges. He later moved to withdraw the plea. The trial court denied the motion, and Monroe now appeals. Monroe's attorney filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 raising no issues. Monroe filed a supplemental brief requesting once again to withdraw his plea so that he might take his case to trial with a new attorney. We affirm because Monroe has failed to show good cause for withdrawing his plea. In addition, we have reviewed the entire record and found no arguable issues.

**I**

At a preliminary hearing, a police detective testified that he investigated a report of a robbery at a gas station in Whittier on July 14, 2021. The victim told him that a man he later identified as Monroe simulated holding a gun inside his shirt and took the victim's necklace.

A second detective, Kenneth Woods, testified that on October 12, 2021, officers tracked Monroe to a motel room in Rosemead. The officers suspected Monroe of killing Diego Jimenez on October 1, 2021, outside an apartment complex in Whittier. Monroe refused to exit the motel room and barricaded himself inside for hours. The officers introduced chemical agents into the room, causing Monroe to flee on foot. A sheriff's deputy on the canine detail released his police dog to intercept Monroe,

---

[1] Subsequent statutory references are to the Penal Code.

and Monroe grabbed the dog by the neck, choking it for nearly a minute.

Woods testified that he spoke with two women who were in the motel room with Monroe when the standoff began. One of the women told Woods that she was with Monroe on October 1, and that she saw him shoot Jimenez. Police also recovered surveillance footage showing Monroe getting into a car with an acquaintance, Brian Black, minutes before the shooting at the motel where he was staying. Additional footage showed the car traveling toward the location of the shooting at around the same time officers reported hearing a gunshot, and then traveling back to the motel minutes later. In jail, Black told an undercover police officer that he expected Monroe to fight with Jimenez, and did not know Monroe was going to shoot him.

Monroe reached a plea agreement under which he pleaded no contest to one count of voluntary manslaughter (§ 192, subd. (a)) in lieu of the original charge of murder (§ 187, subd. (a)). Monroe also pleaded no contest to one count each of possession of a firearm by a felon (§ 29800, subd. (a)(1)), cruelty to an animal (§ 597, subd. (a)), and robbery (§ 211), and admitted that he used a firearm in the commission of the manslaughter (§ 12022.5, subd. (a)) and that several aggravating factors applied. Monroe stipulated to an aggregate sentence of 23 years four months in prison. Prior to accepting the plea, the prosecutor informed Monroe of his trial rights, and asked him if he understood those rights and the consequences of his plea. Monroe stated that he did, and that he wished to waive his rights. Monroe also signed a plea form confirming he understood his rights and wished to waive them and plead no contest. The trial court found that Monroe's waiver was knowing, intelligent, free, and voluntary.

At a hearing in February 2024, approximately four months after he entered his plea, Monroe informed the court that he wished to withdraw his plea and to be represented by a different attorney. The trial court denied the *Marsden*[2] motion, at which point Monroe refused to sit down, attempted to leave the courtroom, and fought with the bailiff.

The following day, Monroe reiterated his request to withdraw his plea. Monroe's attorney, however, stated that she could not state legal grounds for withdrawing the plea. She told the court that she "fully advised . . . Monroe of his rights as well as the strengths and weaknesses of the case," and that she believed it "was in his best interest . . . to resolve the case." She also stated that as a result of the plea agreement, Monroe was able to avoid a life sentence, and ultimately obtained an aggregate sentence lower than his initial counteroffer to the People's proposed sentence. The trial court asked Monroe if he wished to file a new *Marsden* motion, but Monroe did not respond.

The trial court imposed an aggregate sentence of 23 years four months, as indicated in the plea agreement.

## II

When an attorney files a brief raising no issues, we are required to allow the defendant an opportunity to file a supplemental brief (*People v. Wende*, *supra*, 25 Cal.3d at p. 439), and we must "conduct a review of the entire record" (*id.* at p. 441). Monroe's appellate attorney stated that he had provided Monroe with a copy of the record and the brief and informed him

---

[2] *People v. Marsden* (1970) 2 Cal.3d 118.

that he had the right to file a supplemental brief within 30 days. We sent Monroe a letter with the same information.

In response, Monroe filed a brief reading as follows: "The reason I would like to be tr[i]ed again is I wasn't 100[ percent] aware of my situation. I didn't . . . understand my case. I was in the 'blind' the whole time . . . regarding my case. I think I deserve to be given a fair chance at trial and given a new attorney to represent me."

A defendant may request to withdraw a guilty plea at any time prior to judgment, and the trial court may "for a good cause shown, permit the plea of guilty to be withdrawn and a plea of not guilty substituted." (§ 1018.) " 'To establish good cause to withdraw a guilty plea, the defendant must show by clear and convincing evidence that he or she was operating under mistake, ignorance, or any other factor overcoming the exercise of his or her free judgment, including inadvertence, fraud, or duress.' [Citations.] The defendant may not withdraw a plea because the defendant has changed his or her mind. [Citations.]" (*People v. Archer* (2014) 230 Cal.App.4th 693, 702.) " 'A decision to deny a motion to withdraw a guilty plea " 'rests in the sound discretion of the trial court' " and is final unless the defendant can show a clear abuse of that discretion. [Citation.] Moreover, a reviewing court must adopt the trial court's factual findings if substantial evidence supports them. [Citation.]' [Citations.]" (*Ibid.*)

Monroe has failed to show the trial court abused its discretion by denying his motion to withdraw his plea. Monroe's bare assertion that he did not understand his case and was " 'blind' the whole time" is insufficient to overcome the overwhelming evidence from the record that both the prosecutor and his attorney informed him of his rights, along with the trial

5

court's finding that he made a knowing and intelligent decision to waive those rights and accept the plea bargain.

We have examined the entire record and we have "found no arguable issue." (*People v. Kelly* (2006) 40 Cal.4th 106, 124.) We are further satisfied Monroe's attorney has complied with the responsibilities of counsel. (*Id.* at pp. 125-126; *People v. Wende*, *supra*, 25 Cal.3d at pp. 441-442.)

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED


WEINGART, J.


We concur:



ROTHSCHILD, P. J.



BENDIX, J.